| RAYNETTA JONES | * | NO. 2021-CA-0280 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| QUALITY DISTRIBUTION, | * | |
| INC., NSM INSURANCE | | FOURTH CIRCUIT |
| GROUP D/B/A TRUE | * | |
| TRANSPORT INSURER AND | | STATE OF LOUISIANA |
| MICHAEL HAMMOND, JR. | * * * * * * * | |

CONSOLIDATED WITH:

LATOYA STATUM, RASHAD
HARRIS AND JASON PETERS,
SR. ON BEHALF OF THE MINOR
CHILD, JASON PETERS, JR.

VERSUS

OLD REPUBLIC INSURANCE
COMPANY, QUALITY CARRIER,
INC., AND MICHAEL HAMMOND

CONSOLIDATED WITH:

NO. 2021-CA-0281

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-06437, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Rosemary Ledet)

Vanessa Motta
MOTTA LAW LLC
3632 Canal Street
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFF/APPELLANT

Craig Michael Cousins
Katie F. Wollfarth
Robert L. Bonnaffons
Stanton E. Shuler, Jr.
LEAKE & ANDERSSON, L.L.P.
1100 Poydras Street

1700 Energy Centre
New Orleans, LA 70163-1701

    COUNSEL FOR DEFENDANT/APPELLEE

                            **JUDGMENTS VACATED;**
                            **REMANDED**

                            **AUGUST 4, 2021**

This is a personal injury suit arising out of a motor vehicle accident. The plaintiff-appellant, Raynetta Jones, seeks review of the trial court's February 11, 2021 judgment, granting the contempt motion filed by the defendants-appellees, Quality Carrier, Inc.; Michael Hammond; and Old Republic Insurance Co. Ms. Jones also seeks review of various interlocutory rulings on discovery matters included in the same judgment (the "First Judgment").

A review of the record reveals that the trial court signed a second, conflicting judgment on February 17, 2021 (the "Second Judgment"). The Second Judgment contains denial stamps on multiple issues set forth in the judgment, which contradict the trial court's rulings in the First Judgment and at the hearing. According to Ms. Jones, "there appear to be two Judgments from the Trial Court which contradict each other."

The inclusion in the record of two conflicting judgments renders this court unable to address the merits of Ms. Jones' appeal. Although Ms. Jones' notice of appeal is from the First Judgment, the record is devoid of any evidence as to the

1

trial court's intent in signing the Second Judgment. As Ms. Jones points out, "it remains unknown if the denials on the February 17, 2021 Judgment are the Trial Court reversing and vacating its prior ruling or simply some sort of mistake made from the Trial Court."

Given the procedural posture of this appeal, we find it appropriate to exercise our discretion under La. C.C.P. art. 2164[1] to vacate the conflicting judgments and to remand for the trial court to issue a proper judgment. *See* La. C.C.P. art. 2161.[2]

## DECREE

For the foregoing reasons, the February 11, 2021, and February 17, 2021 judgments of the trial court are vacated; and this matter is remanded for the trial court to issue a proper judgment.

**JUDGMENTS VACATED; REMANDED**

---

[1] La. C.C.P. art. 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

[2] La. C.C.P. art. 2161 provides:

> An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.